# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-CV-0011-CVE-PJC |
| ) | |
| **LARRY O'LEARY d/b/a L & L PAWN,** ) | |
| **LARRY O'LEARY, LINDA O'LEARY,** ) | |
| **LARAMY O'LEARY, and CAROL ANN** ) | |
| **SAPP as Representative of Estate,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff, Scottsdale Insurance Company's, Brief in Support of Its Motion for Summary Judgment (Dkt. # 36).[1] Plaintiff Scottsdale Insurance Company ("Scottsdale") requests a declaratory judgment that it has no duty to defend or indemnify defendants Larry O'Leary d/b/a L & L Pawn ("L & L"), Larry O'Leary, Linda O'Leary, and Laramy O'Leary in a wrongful death action filed in Delaware County District Court, and asserts that no genuine issue of material fact precludes summary judgment. Defendants' responses were due on August 17, 2007, but defendants have not responded to the motion.

## I.

On January 11, 2004, Laramy O'Leary ("O'Leary") was driving a truck owned by his parents, Larry and Linda O'Leary. O'Leary was allegedly driving in a reckless manner and almost

---

[1] Plaintiff filed a brief in support of its motion for summary judgment (Dkt. # 36), but did not file a motion per se. The Court will treat the brief as the motion. Plaintiff also filed a supplement to its summary judgment brief (Dkt. # 48) including an exhibit, selected pages from the transcript of Laramy O'Leary's deposition, referenced in its summary judgment brief.

caused a vehicle driven by James Hansen ("Hansen") to leave the roadway. Later that day, O'Leary drove the truck to the post office in Jay, Oklahoma to pick up a package for his mother. Linda O'Leary serves as a council member for the Cherokee Nation, and the package contained information she needed to prepare for an upcoming council meeting. Hansen saw the truck parked at the post office, and he approached the truck. O'Leary alleges that Hansen began hitting him and he claims that he feared for his life. O'Leary located a pistol in the truck and fired it several times in the direction of Hansen. A bullet struck Hansen in the head, and he subsequently died.

On October 12, 2005, Hansen's personal representative, Carol Ann Sapp, filed a civil lawsuit, Hansen v. O'Leary, Case No. CJ-2005-547 (Delaware County District Court) ("state court lawsuit") against O'Leary, Larry O'Leary, Linda O'Leary, and L & L, alleging that O'Leary carelessly and negligently handled a firearm and caused Hansen's death. The complaint in the state court lawsuit alleges as follows:

> The negligence of O'Leary in reaching for a firearm when no physical encounter had even took place nor was intended was negligence; gross negligence and actionable under the above referenced statute for damages. The firearms in the truck owned by the said Larry O'Leary were placed there by Larry O'Leary and were carried by Laramy Wade O'Leary with both the knowledge and permission of Larry O'Leary and Linda O'Leary. It was these acts of negligence with respect to the presence of the firearms, known in the law to be inherently dangerous, in the truck and the careless and negligent handling of the same that formed the proximate cause of the death of James Hansen.

Dkt. # 36, Ex. A, at 2. The state court complaint seeks compensatory and punitive damages in connection Hansen's death.

Scottsdale issued a commercial general liability policy ("CGL policy") to L & L. The CGL policy states that "[i]f you are designated in the Declarations as . . . [a]n individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole

owner." Id., Ex. B, at 10. The CGL policy also insures "'volunteer workers' only while performing duties related to the conduct of your business or your 'employees' . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . . ." Id. "Volunteer worker" is defined as a "person who is not your 'employee', and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation." Id. at 14. Scottsdale included an assault and battery exclusion in the CGL policy, which provides:

> This insurance does not apply to "Injury," "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" and "Advertising Injury") arising from:
>
> 1. Assault and/or Battery committed by any insured, any employee of any insured, or any other person;
>
> 2. The failure to suppress or prevent Assault and/or Battery by any person in 1. above;
>
> 3. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery;
>
> 4. The negligent:
>
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to the proper authorities, or failure to so report; or
>    e. retention
>
> by a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1, 2 or 3 above.

Id. at 16. The CGL policy also excludes coverage for punitive or exemplary damages. The CGL policy was in effect from June 2, 2003 to June 2, 2004.

3

On October 25, 2005, Scottsdale initially agreed to defend O'Leary, L & L, Larry O'Leary and Linda O'Leary in the state court lawsuit subject to a full reservation of rights. On November 28, 2006 Scottsdale subsequently issued a supplemental reservations of rights stating that Scottsdale intended to file a declaratory judgment action to determine whether Scottsdale had a duty to defend or indemnify defendants under the CGL policy. Scottsdale filed this lawsuit on January 5, 2007 seeking a declaratory judgment concerning defendants' right to coverage under the CGL policy.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the

4

plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250.  In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Even though defendants have failed to respond to plaintiff's motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). Under LCvR 7.2(f), "[i]f a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing." Defendants' response was due on August 17, 2007 and more than 11 days have passed since defendants' response was due.  Due to defendants' failure to respond to plaintiff's motion for summary judgment, plaintiff's motion is deemed confessed and the material facts stated in plaintiff's motion for summary judgment are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

Under Oklahoma law, an insurance contract should be construed according to the terms set out within the four corners of the document. First American Kickapoo Operations, L.L.C. v. Multimedia Games, Inc., 412 F.3d 1166, 1173 (10th Cir. 2005); Redcorn v. State Farm Fire & Cas. Co., 55 P.3d 1017, 1020 (Okla. 2002); London v. Farmers Ins. Co., Inc., 63 P.3d 552, 554 (Okla. Civ. App. 2002). If the terms of the contract are "unambiguous, clear and consistent, they are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties." Roads West, Inc. v. Austin, 91 P.3d 81, 88 (Okla. Civ. App. 2004). A court should not create an ambiguity in the policy by "using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision." Wynn v. Avemco Ins. Co., 963 P.2d 572, 575 (Okla. 1998). A policy term will be considered ambiguous only if it susceptible to more than one reasonable interpretation. Max True Plastering Co. v. U.S. Fidelity & Guar. Co., 912 P.2d 861, 869 (Okla. 1996). If an insurance contract contains an ambiguous term, the Court may refer to extrinsic evidence to interpret the insurance policy. Gable, Simmons & Co. v. Kerr-McGee Corp., 175 F.3d 762, 767 (10th Cir. 1999) (citing Pierce Couch Hendrickson Baysinger & Green v. Freede, 936 P.2d 906, 912 (Okla. 1997)).

The primary issue in this case is whether O'Leary qualifies as insured party under the CGL policy. If the Court finds that he is not an insured, neither he nor L &L qualifies for coverage for the events of January 11, 2004, and Scottsdale has no duty to defend or indemnify any of the defendants in the state court lawsuit. The complaint in the state court lawsuit states that O'Leary "was acting as an employee/agent of Larry J. O'Leary and Linda O'Leary, principals in both L & L Pawn and O'Leary Bonding Liability." Dkt. # 36, Ex. A, at 1. Under the plain language of the policy, Larry O'Leary and his spouse are insured with respect to the conduct of L & L, but O'Leary

6

was not expressly named as insured in the CGL policy. Based on the admitted facts in plaintiff's motion, it is undisputed that "[a]t no time has [O'Leary] ever been an employee or agent of L&L Pawn." Dkt. # 36, at 2. During his deposition, O'Leary denied that he had ever been employed by Larry O'Leary or L & L. Dkt. # 48, Ex. C, at 20. On January 11, 2004, O'Leary was at the post office to pick up a package for his mother in connection with her activities as a council member for the Cherokee Nation. Id. at 35. Although Hansen alleges in state court that "O'Leary was at the Post Office to gather mail for both the bonding business and the pawnshop," the evidence in this summary judgment record does not support that assertion. Dkt. # 36, Ex. A, at 2.

The Court finds that O'Leary was not an insured under the policy during the events of January 11, 2004. The CGL policy expressly covers L & L, its owner, and the owner's spouse for conduct related to the business, an employee for acts within the scope of his or her employment, and any volunteer worker "who donates his or her work and acts at the direction of and withing the scope of duties" for L & L. Dkt. # 36, Ex. B, at 10. O'Leary was not actively performing any service for L & L during the incident alleged in the state court lawsuit but, instead, he was picking up mail for his mother related to her position as a Cherokee Nation council member. O'Leary does not qualify as insured under the policy, nor is there any evidence that his actions were attributable to L & L. Because O'Leary is not an insured under the CGL policy and he was not acting on behalf of L & L on January 11, 2004, Scottsdale has no duty to provide a defense or indemnify any of the defendants in the state court lawsuit.

The Court also notes that the CGL policy's exclusion for assault and battery is also applicable and bars coverage in this case. In Scottsdale Insurance Co. v. Owl Nite Security, Inc., 2006 WL 3742102 (N.D. Okla. 2006), this Court held that the civil definition of assault and battery

applied when determining an insurer's duty to defend against a civil lawsuit. Id. at *5. The civil definition of assault and battery "require[s] only that the harmful or offensive contact be intended." Id. O'Leary certainly intended that a harmful or offensive contact would result when he intentionally shot at Hansen, even if he shot at Hansen to defend himself. The negligence claims against O'Leary, L & L and O'Leary's parents raised by the plaintiffs in the state court lawsuit arise out of assault and battery and those claims fall within the assault and battery exclusion. See Stiglich v. Tracks, D. C., Inc., 721 F. Supp. 1386, 1387 (D.D.C. 1989); Terra Nova Ins. Co. v. Thee Kandy Store, Inc., 679 F. Supp. 476, 478 (E.D. Pa. 1988); St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, Inc., 582 F. Supp. 865, 868 (E.D. Pa 1984). Therefore, the Court finds that Scottsdale has no duty to defend or indemnify O'Leary, Larry O'Leary, Linda O'Leary, or L & L based on the assault and battery exclusion in the CGL policy.

**IT IS THEREFORE ORDERED** that Plaintiff, Scottsdale Insurance Company's, Brief in Support of Its Motion for Summary Judgment (Dkt. # 36) is **granted**. A separate judgment is entered herewith.

**DATED** this 13th day of September, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT